T.C. Memo. 1996-201


UNITED STATES TAX COURT


SALVADOR CHAVARRIA AND IRENE CHAVARRIA, DECEASED, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3833-95.                    Filed April 25, 1996.


<u>Towner S. Leeper</u>, for petitioners.

<u>Elizabeth A. Owen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in, and additions to, petitioners' Federal income taxes as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|------------|--------------------------------|
| 1990 | $ 7,875 | $1,922 |
| 1991 | 6,229 | --- |
| 1992 | 16,198 | 1,604 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession by respondent, the issues remaining for decision are: (1) Whether petitioners are entitled to cost of goods sold and expense deductions relating to petitioner Salvador Chavarria's Juarez, Mexico, used-car business and (2) whether petitioners are liable for the section 6651(a)(1) addition to tax for failure to file timely their 1990 and 1992 Federal income tax returns.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in El Paso, Texas, at the time their petition was filed.

Salvador Chavarria (petitioner), a resident alien, owned a sole proprietorship located in Juarez, Mexico, known as Autos Oti (Autos Oti-Juarez). Petitioner was also a 60-percent shareholder in a Texas corporation that operated a business in El Paso, Texas, known as Autos Oti, Inc. (Autos Oti-Texas). Both Autos Oti-Juarez and Autos Oti-Texas were in the used-car business.

Petitioner filed Mexican income tax returns for 1990, 1991, and 1992 that reported gross receipts, cost of goods sold, and expenses from Autos Oti-Juarez. Petitioner's Mexican income tax

returns were prepared by Franciso Javier Bencomo (Bencomo).  No income or gross receipts from Autos Oti-Juarez were reported on petitioners' individual Federal income tax returns for 1990, 1991, and 1992.

Autos Oti-Juarez was a cash business.  Petitioner paid cash to purchase used cars for resale.  Salesmen were paid their commissions on sales in cash.  No business records from Autos Oti-Juarez were provided to respondent's agents at any time.

Petitioners requested and received extensions to file their 1990 Federal individual income tax return, extending the due date until October 15, 1991.  Petitioners' 1990 return was filed a year later on October 15, 1992.

Petitioners requested and received extensions to file their 1991 Federal individual income tax return.  Petitioners timely filed their 1991 return on October 15, 1992.

Petitioners requested and received extensions to file their 1992 Federal individual income tax return, extending the due date until October 15, 1993.  Petitioners' 1992 return was filed on November 23, 1993.

                              OPINION

Respondent determined that petitioners had failed to report income from Autos Oti-Juarez on their individual Federal income tax returns for 1990, 1991, and 1992.  Petitioners do not dispute respondent's determination that this income should have been reported on their returns.  Petitioners are seeking, however, to

offset cost of goods sold and expenses from the Autos Oti-Juarez operation against the income from Autos Oti-Juarez.  Respondent contends that petitioners have failed to substantiate the amounts of the claimed items.  Petitioners argue that the Mexican income tax returns are sufficient evidence when coupled with petitioner's testimony to substantiate these amounts.

Petitioners bear the burden of proving that they are entitled to the claimed cost of goods sold and deductions.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133.  Petitioners' Mexican tax returns are not evidence of the amounts of these items.  Cf. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979).  If petitioners can establish that some expenditures have been made, absolute certainty is not required, and the Court may approximate the allowable expenditures.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see Cooper v. Commissioner, T.C. Memo. 1989-82; Fazio v. Commissioner, T.C. Memo. 1982-177.  However, petitioners have offered nothing other than the amounts that they claimed on their Mexican returns.

The revenue agent who conducted an audit of Autos Oti-Texas testified that petitioner stated during the examination that cars purchased in the United States were driven to Mexico.  Petitioner could not recall or even approximate how many cars were sold by Autos Oti-Juarez during the years in issue.  No records from

Autos Oti-Juarez were produced by petitioner to substantiate the claimed cost of goods sold or expenses. Petitioner claims that the records were never returned to him by Bencomo after the Mexican tax returns were prepared. Petitioner did not call Bencomo at trial and did not explain his failure to do so. Whatever the reason for the absence of records, however, petitioner is not relieved of his burden of proof. See Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979). Petitioner's claim that he lost money on rapidly increasing sales is not persuasive.

Petitioner has failed to offer credible evidence from which we could make an approximation of Autos Oti-Juarez's cost of goods sold. He did testify, however, that some detailing work on cars sold in Mexico was required after the cars were purchased. Some expenses of this nature undoubtedly were incurred. We estimate these expenses as $400 for 1990, $1,100 for 1991, and $2,500 for 1992.

Respondent also determined that petitioners are liable for the section 6651(a)(1) addition to tax for 1990 and 1992. Section 6651(a)(1) imposes an addition to tax for failure to file timely a return, unless the taxpayer establishes that the failure did not result from "willful neglect" and that the failure was due to "reasonable cause". The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or

fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent.  Sec. 6651(a)(1).

"Willful neglect" has been interpreted to mean a conscious, intentional failure or reckless indifference.  United States v. Boyle, 469 U.S. 241, 245-246 (1985).  "Reasonable cause" requires the taxpayers to demonstrate that they exercised ordinary business care and prudence and were nonetheless unable to file a return within the prescribed time.  Id. at 246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioners bear the burden of proving that respondent's determination is incorrect.  Rule 142(a); Cluck v. Commissioner, 105 T.C. 324, 339 (1995).  Petitioners failed to offer any evidence or explanation regarding the late filing of their 1990 and 1992 returns.  Thus, respondent's determination that petitioners are liable for the section 6651(a)(1) addition to tax for 1990 and 1992 will be sustained.

To reflect the foregoing and a concession by respondent,

Decision will be entered

under Rule 155.